IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| THOMAS W. TOOLIS, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No: 22-cv-1290 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| IROBOT CORPORATION, | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Thomas W. Toolis, ("Toolis" or "Plaintiff"), by and through his undersigned attorneys, hereby complains against iRobot Corporation ("iRobot" or "Defendant") on behalf of himself and all others similarly situated as follows. Plaintiff's allegations as to his own actions are based on Plaintiff's knowledge. All other allegations are on Plaintiff's information and belief, which is based on the investigation conducted by Plaintiff's counsel.

## OVERVIEW

1. Plaintiff has filed this class action on behalf of himself and all others similarly situated to obtain damages and restitution for himself and the Class from iRobot.

2. As alleged more fully herein, iRobot engaged in unfair and deceptive acts or practices in violation of 815 ILCS 505/2 and was also unjustly enriched by selling Roomba Vacuums (the "Roomba Vacuums"), which were known to iRobot to contain a design defect (the "Design Defect"). The Design Defect is a material defect because it renders the Roomba Vacuums completely inoperable. At the times Plaintiff and Class members purchased the defectively designed Roomba Vacuums, they were unaware that the Design Defect existed.

3. iRobot charged Plaintiff and Class members $59.00 for a wheel kit intended to address the wheel malfunction set forth *supra*, which did not remedy the issue because there is a defect in the vacuums' core processing unit.

4. Plaintiff seeks actual damages and equitable relief, including the refund of the $59.00 wheel kit fee, the replacement and/or recall of the Roomba Vacuums, civil penalties, costs and expenses of litigation, including attorneys' fees, and all further relief available.

## THE PARTIES

5. Plaintiff resides in Frankfort, Illinois. In 2018, Plaintiff purchased a Roomba Vacuum. At the time Plaintiff purchased his Roomba Vacuums, Plaintiff did not have any knowledge that iRobot had defectively designed it. Had Plaintiff known that the Roomba Vacuum that he purchased had been defectively designed, he would not have purchased the vacuum.

6. Defendant iRobot is incorporated under the laws of the State of Delaware and maintains its principal executive offices at 8 Crosby Dr, Bedford, Massachusetts 01730. iRobot is responsible for the design, manufacture, marketing, sale, repair, and replacement of the defectively designed Roomba Vacuums throughout the United States.

## JURISDICTION AND VENUE

7. This action is brought to remedy violations of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and state laws governing unjust enrichment in connection with iRobot's sale of the defectively designed Roomba Vacuums as more fully set forth in Counts I and II below.

8. This action is within the original jurisdiction of this Court by virtue of 28 U.S.C.

§1332(d)(2). The matter in the controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs and some members of the proposed Class are citizens of a state different from that of Defendant iRobot.

9. Venue is proper in this Court because iRobot conducts substantial business activity, including advertising, marketing, distribution, and sale of the Roomba Vacuums, at locations throughout this District and a substantial part of the events or omissions that led to this lawsuit occurred in this District.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and all others similarly situated, with the Class being defined as all persons and entities who purchased a Roomba Vacuum, sent it to iRobot for repairs or replacement based on a wheel malfunction, and were charged for repair kits that did not remedy the defect and/or malfunction.

11. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are several hundred thousand individuals whom were charged for repair kits that did not remedy the wheel defect and/or malfunction. The class period continues from when iRobot began selling Roomba Vacuums to the present ("Class Period").

12. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

    a. Whether the Roomba Vacuum is defectively designed;

    b. Whether iRobot knew of the existence of the Design Defect prior to, or at the time, iRobot began selling the defectively designed Roomba Vacuums;

    c. Whether the design defect inherent in the Roomba Vacuums renders the vacuums inoperable for their intended use and purpose;

    d. Whether iRobot's sale of defectively designed Roomba Vacuums constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act;

    e. Whether iRobot charged $59.00 for wheel repair kits that did not remedy the wheel defect and/or malfunction;

    f. Whether, as a result of iRobot's misconduct, Plaintiff and the Class are entitled to damages, equitable relief and/or other relief, and the amount and nature of such relief.

13. The claims of Plaintiff are typical of the claims of members of the Class because Plaintiff, like all members of the Class, purchased a defectively designed Roomba Vacuum. Plaintiff has no interests antagonistic to those of the Class, and iRobot has no defenses unique to Plaintiff.

14. Plaintiff will fairly and adequately protect the interests of the Class and has retained attorneys experienced in class and complex litigation.

15. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a. It is economically impractical for members of the Class to prosecute individual actions;

    b. The Class is readily ascertainable and definable; and

    c. Prosecution as a class action will eliminate the possibility of repetitious litigation;

    d. Plaintiff does not anticipate any difficulty in the management of this litigation.

## ALLEGATIONS

16. On or about April 29, 2018, Plaintiff purchased a Roomba Vacuum for use at his residence.

17. On February 8, 2022, Plaintiff's Roomba Vacuum stopped operating correctly in that the left wheel was not turning; the error code listed was "Error 5."

18. After contacting iRobot about the error, iRobot required Plaintiff to purchase a $59.00 wheel kit to address the left wheel malfunction.

19. Plaintiff purchased the $59.00 wheel kit but it did not remedy the wheel malfunction and the left wheel continues to not turn.

20. iRobot has further declined to provide Plaintiff with a Roomba Vacuum free of a left wheel malfunction.

## COUNT I

## UNJUST ENRICHMENT

21. Plaintiff re-alleges and re-asserts each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

22. During the Class Period, iRobot designed and manufactured the Roomba Vacuum with the intent of selling the device in the stream of commerce.

23. During the Class Period, iRobot knew that potential consumers, including Plaintiff, were buying the Roomba Vacuum for the purpose of cleaning flooring.

24. As manufactured during the class period, the Roomba Vacuum routinely malfunctions and becomes inoperable.

25. The subject failure of the Roomba Vacuum during the Class Period has been well documented on the Internet. *See Exhibit A* attached hereto.

26. As a result of the defects, members of the Class have experienced malfunctions with their Roomba Vacuums.

27. iRobot had knowledge of the known defects in the Roomba Vacuum prior to the time Plaintiff purchased his Roomba Vacuum.

28. Despite iRobot's knowledge of the design defect in the Roomba Vacuums, iRobot has refused to inform consumers of the Design Defect – a material fact – and/or issue a recall of the Roomba Vacuum.

29. Despite iRobot's knowledge of the design defect in the Roomba Vacuum, iRobot has charged, and continues to charge, consumers fees for repair kits that do not remedy the wheel defect and/or malfunction.

30. During the Class Period, Plaintiff and members of the Class conferred upon iRobot, without knowledge of the Design Defect, payment for their Roomba Vacuums, benefits that were non-gratuitous, as Plaintiffs and the Class had no knowledge as to what their purchases prices actually paid for.

31. During the Class Period, iRobot appreciated, or had knowledge of the non-gratuitous benefits conferred upon it by Plaintiff and members of the Class.

32. iRobot accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the Class despite iRobot's knowledge of the Design Defect in the Roomba Vacuums. Retaining the non-gratuitous benefits conferred upon iRobot by Plaintiff and members of the Class under these circumstances made iRobot's retention of the non-gratuitous benefits unjust and inequitable.

33. Because iRobot's retention of the non-gratuitous benefits conferred by Plaintiff

and members of the Class is unjust and inequitable, iRobot must pay restitution in a manner established by the Court.

## COUNT II

### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Plaintiff re-alleges and re-asserts each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

35. According to 815 ILCS 505/2, unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, or misrepresentation, with intent that others rely upon the concealment, suppression or omission of such material fact, in the conduct of any trade or commerce, are hereby declared unlawful. *See* 815 ILCS 505/2.

36. Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief that the court deems proper. *See* 815 ILCS 505/10a.

37. During the Class Period, iRobot designed and manufactured a product known as the Roomba Vacuum, which is known to be defective.

38. As a result of the defect, members of the Class have experienced malfunctions with their Roomba Vacuums.

39. Prior to the time Plaintiff purchased his Roomba Vacuum, iRobot concealed, suppressed, and/or omitted from the public that the Roomba Vacuums are defective, with the intent that such suppression would cause consumers to rely on the concealment to purchase the vacuums in the stream of commerce.

40. iRobot produces Roomba Vacuums for sale in the stream of commerce.

41. Despite iRobot's knowledge of the defect, during the Class Period, iRobot refused to inform consumers of the defect – a material fact – and/or issue a recall of the Roomba Vacuums.

42. The unfair or deceptive practice of failing to disclose the defect inherent to the Roomba Vacuum had an impact on public interest because the alleged acts were committed in the course of iRobot's business; iRobot advertised to the general public; and Plaintiff and members of the Class occupy positions of bargaining power unequal to that of iRobot.

43. By refusing to inform Plaintiff Toolis of the defect, and any others within the Class, iRobot continues to suppress the nature of the defect.

44. Had Plaintiff and members of the Class been informed of the defect inherent to the Roomba Vacuum, neither Plaintiff nor members of the Class would have purchased their Roomba Vacuums.

45. As a result of iRobot's unfair or deceptive practice, Plaintiff and members of the Classes were damaged.

## COUNT III

## BREACH OF IMPLIED WARRANTY

46. Plaintiff re-alleges and re-asserts each and every allegation contained in the above paragraphs of this Complaint as if fully set forth herein.

47. During the Class Period, iRobot designed and manufactured a product known as the Roomba Vacuum for sale in the stream of commerce, which iRobot knew to be defective.

48. Despite knowledge of the defect, iRobot continued to place the defective machine in the stream of commerce.

49. During the Class Period, iRobot knew that potential consumers, including Plaintiff, were buying the Roomba Vacuums for the purpose of cleaning flooring.

50. In selling the Roomba Vacuum to Plaintiff with the knowledge that the machine was defective, iRobot impliedly warranted the Roomba Vacuum to be fit for the use of cleaning flooring.

51. As manufactured during the class period, the Roomba Vacuum's wheels routinely malfunction and the vacuum becomes inoperable.

52. The subject failure of the Roomba Vacuum during the Class Period has been well documented on the Internet. *See Exhibit A* attached hereto.

53. Despite the known wheel defect/malfunction, iRobot failed to recall the Roomba Vacuums and/or advise potential consumers that the device may not operate as intended or expected.

54. The failure of the Roomba Vacuum to operate as intended constitutes a breach of the implied warranty of merchantability for a particular use or purpose.

55. As soon as Plaintiff Toolis discovered the breach of warranty and within a reasonable time after he acquired that knowledge, Plaintiff gave notice to iRobot of the breach of warranty and demanded iRobot repair the left wheel defect/malfunction.

56. iRobot has failed and refused to repair the left wheel defect/malfunction on Plaintiff Toolis' Roomba Vacuum.

57. iRobot continues to market and sell Roomba Vacuums, all while concealing the defect found in Plaintiff's Roomba Vacuum.

58. If the Roomba Vacuum operated as designed, its H-Bridge driver circuit would not have failed, and in consequence Plaintiff was damaged in the sum of $59.00 for a wheel repair kit (which did not resolve the wheel defect malfunction) plus additional costs to repair the circuit.

59. Plaintiff will further be damaged for the cost of procuring a replacement Roomba Vacuum with a properly functioning driver circuit.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment and orders in his favor and against iRobot as follows:

A. An order certifying the Class and directing that this case proceed as a class action;

B. Judgment in favor of Plaintiff and members of the Class in an amount of actual damages or restitution to be determined at trial;

C. An order enjoining Defendant from the further sale of the Roomba Vacuum;

D. An order granting reasonable attorneys' fees and costs, as well as pre-and post-judgment interest at the maximum legal rate; and

E. Such other and further relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: March 10, 2022

Plaintiff Thomas W. Toolis

By: /s/ Christopher M. Jahnke
Frankfort Law Group
10075 W. Lincoln Hwy.
Frankfort, Illinois 60423
708-349-9333
cmj@jtlawllc.com